## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| NIEKEYEA MINNAE NEWTON, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:21-CV-00574-ALM- |
| v. | § | CAN |
| | § | |
| BBVA, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant PNC Bank, N.A. as successor-in-interest to BBVA USA's Renewed Motion to Dismiss Plaintiff's Complaint ("Renewed Motion to Dismiss") [Dkt. 18]. After reviewing the Renewed Motion to Dismiss, and all other relevant filings, the Court recommends the Renewed Motion to Dismiss [Dkt. 18] be **GRANTED**, as set forth herein.

## RELEVANT PROCEDURAL HISTORY

On June 25, 2021, *pro se* Plaintiff Niekeyea Minnae Newton ("Plaintiff") filed suit in the Northern District of Texas against Defendant BBVA ("Defendant"), correctly named PNC Bank, N.A. as successor-in-interest to BBVA USA [Dkt. 1]. On July 22, 2021, this matter was transferred in from the Northern District of Texas to the Eastern District of Texas, Sherman Division, and referred on August 2, 2021, to the undersigned [Dkts. 6; 7; 8].

Plaintiff's original complaint states in its entirety, "I am filing a lawsuit against BBVA for discrimination. I have filed a Charge with the EEOC." [Dkt. 3 at 1-3]. Plaintiff's Charge states:

> I have been subjected to harassment and discriminatory treatment due to my race since june 2020. Similarly situated employees, Seema, Samina, Ernie, and Elaine are treated more fairly. The harassment includes but is not limited to being yelled at in front of clients, pin pointed in meetings, pushed or rushed to go to lunch, timed bathroom breaks, left by myself to deescalate irate clients, threatened to be written up for 'not responding' via text on my personal phone the following week, forced

to use my sick time, threatened to be sent home due to my attire, denied requested leave on specific dates, denied shadow training, always being denied or told to reschedule appointments due to others needs of them being released from work early/not coming to work due to a headache or umpiring baseball games, denied bonus opportunities because Branch manager Khatija Hussain is directing clients to work with Seema Shah or Samina Islam, and Khatija Hussain exposing my personal medical information about myself and another co-worker to others.

[Dkt. 3 at 3]. The Charge form, which appears incomplete, denotes that Plaintiff alleges discrimination and retaliation based on race [Dkt. 3 at 3].[1]

On August 18, 2021, the Court granted Plaintiff's request for *in forma pauperis* status, ordering Plaintiff to prepare service of process on Defendant within 30 days, and for the Clerk of Court to issue process and the United States Marshal to serve process within 30 days of receipt of the summons [Dkt. 9]. On August 27, 2021, summons was issued for Defendant "BBVA" at 2620 Preston Rd., Frisco, TX 75034 [Dkt. 10]. On October 29, 2021, summons was purported to be returned [Dkt. 12]. The return of service is signed by Khatija Hussain [Dkt. 12 at 2]. Defendant did not answer or otherwise respond to the Complaint; Plaintiff also took no further action to prosecute her case. On April 20, 2022, the Court ordered Plaintiff to either move forward with default or dismissal as to Defendant no later than May 4, 2022 [Dkt. 13 at 1]. Plaintiff continued in her failure to take any action in this case.

On May 3, 2022, Defendant filed its Motion to Dismiss Plaintiff's Complaint or Alternatively, to Quash Service and to Order Plaintiff to Amend Her Complaint ("Motion to Dismiss") [Dkt. 14]. The Motion to Dismiss urges Plaintiff's claims must be dismissed for failure to properly serve Defendant and for failure to state a claim, or alternatively, that Plaintiff should be ordered to amend her Complaint and assert a more definite statement of her claims. On May 16,

---

[1] To be clear, the Court is not certain that Plaintiff's complaint includes the entirety of the charge of discrimination, as the images appear to be cell phone screenshots of only certain portions of the charge filing. The truncated form appears to be missing at least one, if not more, pages.

2022, having reviewed the Motion to Dismiss, the Court concluded certain of Plaintiff's alleged service and/or pleading deficiencies could potentially be cured by filing an amended complaint and the issuance of new summons [Dkt. 15 at 2-3]. The Court ordered Plaintiff to file an amended complaint addressing "each of the alleged pleading deficiencies raised by Defendant's Motion to Dismiss" and to "prepare proper service of process and provide the new summons to the Clerk's Office no later than Monday, June 13, 2022, at 5:00 p.m." [Dkt. 15 at 3]. The Court further denied Defendant's Motion to Dismiss without prejudice, as moot, and subject to reconsideration [Dkt. 15 at 3]. Plaintiff was expressly cautioned that her failure to comply with the Court's May 16 Order may result in a recommendation of dismissal of her claims [Dkt. 15 at 3]. Plaintiff acknowledged receipt of the Court's May 16 Order on May 18, 2022 [Dkt. 16]. Notwithstanding the Court's May 16 Order, Plaintiff continued in her failure to take any action; Plaintiff did not file an amended complaint or attempt to effectuate proper service on Defendant by the deadline. Having failed to file an amended complaint, Plaintiff's original complaint remains the live pleading.

On July 18, 2022, Defendant filed a Renewed Motion to Dismiss Plaintiff's Complaint [Dkt. 18]. Plaintiff did not file a response.[2] Defendant's Renewed Motion to Dismiss incorporates by reference the earlier filed Motion to Dismiss [Dkt. 14], and again urges Plaintiff's complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6) for insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted [Dkt. 18 at 1]. The Renewed Motion to Dismiss is ripe for the Court's consideration.

---

[2] Because Plaintiff has not filed a response, the Court will presume Plaintiff does not controvert the facts set out by BBVA and has no evidence to offer in opposition. Local Rule CV-7(d) provides, in relevant part: "A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. . . . A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Eastern District of Texas Local Rule CV-7(d).

## SERVICE OF PROCESS ANALYSIS– RULES 12(B)(4) & 12(B)(5)

Rule 12(b)(4) permits a defendant to move for dismissal for "insufficient process," while Rule 12(b)(5) allows for dismissal based on "insufficient service of process."  FED. R. CIV. P. 12(b)(4), 12(b)(5).  The two motions appear similar, but they are distinct.

Rule 12(b)(4) is the proper challenge when a defendant "alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served." *Coleman v. Carrington Mortg. Servs., LLC*, No. 4:19-CV-0231-ALM-CAN, 2019 WL 7195392, at *3 (E.D. Tex. Dec. 3, 2019) (quoting *Wagster v. Gauthreaux*, No. 12-00011-SDD, 2013 WL 5554104, at *1 (M.D. La. Oct. 7, 2013)), *report and recommendation adopted*, No. 4:19-CV-231, 2019 WL 7193770 (E.D. Tex. Dec. 26, 2019).  "In addition to constituting grounds for dismissal, insufficient process also implicates a court's authority to exercise personal jurisdiction over a defendant."  *Natour v. Bank of Am., N.A.*, No. 4:21-CV-00331, 2021 WL 5239592, at *4 (E.D. Tex. Nov. 10, 2021) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)).

> An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, . . . a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. Thus, Rule 12(b)(4) is the proper challenge, for instance, when it is alleged that the Summons and Complaint do not properly name the party on whom the Summons and Complaint is served.

*Shivers v. Akima Intra–Data*, No. 2:07cv55KS-MTP, 2008 WL 3992669, at *3 (S.D. Miss. Aug. 21, 2008).  Rule 4(b) requires that a plaintiff present a properly completed summons that the clerk must then sign, seal, and issue.  FED. R. CIV. P. 4(b).  To be properly completed, among other things, the summons must be "directed to the defendant."  *See Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013).  The plaintiff bears the burden of proof regarding sufficiency of process.  *Id.*

A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint based on "insufficient service of process." FED. R. CIV. P. 12(b)(5); *see PCM Sales, Inc. v. Quadbridge, Inc.*, No. 3:14-CV-2806-L, 2016 WL 407300, at *2 (N.D. Tex. Feb. 3, 2016) (quoting 5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (footnote omitted)). For service to be effective and withstand a Rule 12(b)(5) motion, a plaintiff must comply with the mandates of Rule 4. "Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within 90 days of filing but provides that 'if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *5 (E.D. Tex. June 19, 2018) (quoting FED. R. CIV. P. 4(m); citing *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008)). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Gartin*, 289 F. App'x at 692). Importantly, *pro se* litigants are not absolved from compliance with the requirements of Rule 4. *Flander v. Kforce, Inc.*, 526 F. App'x 364, 368 (5th Cir. 2013) (per curiam); *Lyons v. Starbucks Coffee Co.*, No. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *5 (N.D. Tex. Aug. 24, 2020) (recommending dismissal of the plaintiff's claims against a defendant after noting the "plaintiff's *pro se* status does not excuse the failure to properly effect service"), *report and recommendation adopted*, No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020). "'When service of process is challenged, the serving party bears the burden of proving its validity or good cause' for failing properly to effect service." *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013) (per curiam) (quoting *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

***Service of Process upon a Financial Corporation in Texas***

"In determining whether [Defendant] was properly served, the district court must apply the forum state's law." *Castillo v. Wilmington Sav. Fund Soc'y, FSB*, No. 5:17-CV-112, 2018 WL 3589093, at *1 (S.D. Tex. Mar. 8, 2018). Defendant is registered with the Texas Secretary of State as a Foreign Financial Institution [Dkt. 14-1]. No Party disputes that Defendant meets the definition of "financial institution" under Texas Finance Code Section 201.101.[3] Under Texas law, service upon a financial institution must be made by (1) serving the financial institution's registered agent with the summons and complaint; or (2) if the financial institution does not have a registered agent, serving the president or a branch manager at any office located in this state. TEX. CIV. PRAC. & REM. CODE § 17.028(b). "[C]ompliance with section 17.028 is mandatory when the defendant is a financial institution." *U.S. Bank Nat'l Ass'n as Tr. for Residential Asset Mortg. Prod., Inc., Mortg. Asset-Backed Pass-Through Certificates Series 2005-EFC2 v. Moss*, 644 S.W.3d 130, 134 (Tex. 2022), *reh'g denied* (May 27, 2022). "[W]hen a procedure for giving notice and obtaining jurisdiction is statutorily established, that method is generally exclusive and the form prescribed must be followed with reasonable strictness." *HSBC Bank USA, Nat'l Ass'n as Tr. for Option One Mortg. Loan Tr. 2007-HL 1 Asset Backed Certificates, Series 2007-HL1 v. Kingman Holdings LLC as Tr. for Saddle Ridge Trail 705 4602 Land Tr.*, No. 02-21-00087-CV, 2022 WL 872474, at *3 (Tex. App.—Fort Worth Mar. 24, 2022, no pet.) (quoting *Colson v. Thunderbird Bldg. Materials*, 589 S.W.2d 836, 840 (Tex. App.—Amarillo 1979, writ ref'd n.r.e.)).

---

[3] The requirements for serving a financial institution under TEX. CIV. PRAC. & REM. CODE § 17.028(b) apply to all financial institutions, as defined by TEX. FIN. CODE § 201.101, which includes a foreign financial institution chartered out of state, like Defendant here. *See* TEX. CIV. PRAC. & REM. CODE § 17.028(a).

To state this proposition more succinctly, a party suing a financial institution in Texas must serve

process in accordance with Section 17.028; otherwise, service is insufficient and/or ineffective.[4]

***Insufficient Process/Defective Summons – Rule 12(b)(4)***

Defendant argues dismissal is appropriate under Rule 12(b)(4) because summons is

defective, as it is directed to a local branch of the bank instead of its registered agent for service of

process, CT Corporation [Dkt. 14 at 6].  The Court agrees.  "A proper summons contains the

correct name of the defendant and is directed to the defendant," and when the defendant "is being

served through its agent, the summons should state the agent's name and address." *Craig v. Am.*

*Honda Motor Co.*, No. 9:21-CV-043, 2021 WL 5501794, at *2 (E.D. Tex. Oct. 26, 2021) (citing

FED. R. CIV. P. 4(a)(1)(A)-(B), 4(h)(1)), *report and recommendation adopted*, No. 9:21-CV-043,

2021 WL 5493362 (E.D. Tex. Nov. 22, 2021).  The summons is directed to: BBVA, 2620 Preston

Rd., Frisco, TX, 75034 [Dkt. 10].  The return is signed by Khatija Hussain.  However, Defendant

is a registered financial institution with the Texas Secretary of State [Dkt. 14-1 at 3] and has

designated a registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX,

75201-3136 [Dkt. 14-1 at 3].  Because Section 17.028 is mandatory, Defendant was not properly

served.  Khatija Hussain is not Defendant's registered agent.  The registered agent for BBVA is

not identified in the summons.  Unlike typographical errors or other mistakes too minor to cast

doubt on the sufficiency of process, omitting Defendant's registered agent (or any other person

authorized to accept service on its behalf) from the summons renders process insufficient.  *See*

*Moss*, 644 S.W.3d at 137 (finding the plaintiff's attempt at service "did not constitute service on

the financial institution's registered agent as required by section 17.028. Because section 17.028

---

[4] The Supreme Court of Texas recently held in *Moss* that Section 17.028 is the "exclusive method to serve a financial institution" in Texas.  *CR+ Enterprises, Inc. v. Deutsche Bank Nat'l Tr. Co. as Tr. for Morgan Stanley ABS Cap. I Inc. Tr. 2006-NC4, Mortg. Pass-Through Certificates, Series 2006-NC4*, No. 04-21-00206-CV, 2022 WL 2135541, at *2 (Tex. App.—San Antonio June 15, 2022, no pet.) (mem. op.) (citing *Moss*, 644 S.W.3d at 133-36).

is mandatory and provides the exclusive methods of service for financial institutions, the Bank was not properly served"); *Stanwich Mortg. Loan Tr. F v. Oak Creek Owners Ass'n, Inc.*, No. 02-21-00382-CV, 2022 WL 3651973, at *3 (Tex. App.—Fort Worth Aug. 25, 2022, no pet.) ("Error is apparent on the face of the record because Oak Creek did not serve Appellants pursuant to Section 17.028").[5]

While Courts "enjoy broad discretion" to dismiss an action under Rule 12(b)(4), "the Court can, in its sound discretion, quash service and direct that [proper] service be effected within a specific time." *Booe v. Alecto Healthcare Servs.*, No. 4:22-CV-00110, 2022 WL 4241728, at *2 (E.D. Tex. Sept. 14, 2022) (Mazzant, J.) (citing *Bank of N.Y. Mellon*, 969 F. Supp. 2d at 744-45). Taking such alternative approach would not be proper in this case where the Court has already once ordered Plaintiff to cure the defects in the summons after the filing of Defendant's Motion to Dismiss [Dkt. 15 at 3]. Plaintiff did not cure the defects and has in fact taken no efforts whatsoever to prosecute her case since its filing. The Court therefore recommends Plaintiff's complaint be dismissed without prejudice for ineffective process. *See, e.g.*, *Lechner v. Citimortgage, Inc.*, No. 4:09-CV-302-Y, 2009 WL 2356142, at *2 (N.D. Tex. July 29, 2009) (granting Rule 12(b)(4) motion, explaining "this is not a case in which the defendant's actual notice of the suit mitigates technical deficiencies in the process."); *Miles v. Innovative Recovery Inc.*, No. 3:22-CV-1120-K-BN, 2022 WL 16821678, at *3 (N.D. Tex. Oct. 24, 2022) ("By not complying with the August 25 order – in addition to leaving the impression that he no longer wishes to pursue these claims –

---

[5] *See, e.g.*, *Cannedy v. Wells Fargo Bank, N.A.*, No. 4:17-CV-00205-ALM-CAN, 2017 WL 4211050, at *5 ("the discrepancy in the citation constitutes a defect in service. Accordingly, Plaintiffs' did not formally serve Wells Fargo on February 21, 2017"); *Hernandez v. Carrington Mortg. Servs., LLC*, No. 4:15-CV-596, 2016 WL 4672133, at *2 (E.D. Tex. Sept. 7, 2016) (Mazzant, J.) ("Mike 'Doe' is not a registered agent, president, or vice president authorized to receive service of process under state law. Plaintiffs did not comply with either federal or state rules in attempting to serve Mike 'Doe.'"); *Black v. Wells Fargo Home Mortg. Inc.*, No. 3:16-CV-2719-M (BT), 2018 WL 3747919, at *2 (N.D. Tex. July 9, 2018) ("Plaintiff served an agent in Des Moines, Iowa, rather than the agent for Wells Fargo Home Mortgage, Inc., who was located in Austin, Texas, as listed on the Texas Secretary of State's website. Under these facts, it is clear that Plaintiff failed to properly serve Defendant.").

Miles has prevented this action from proceeding and has thus failed to prosecute this lawsuit. A Rule 41(b) dismissal of this lawsuit without prejudice is therefore warranted under these circumstances."), *report and recommendation adopted*, No. 3:22-CV-1120-K, 2022 WL 16821662 (N.D. Tex. Nov. 8, 2022).[6]

### *Insufficient Service of Process – Rule 12(b)(5)*

Defendant argues for the same or similar reasons that dismissal is also appropriate under Rule 12(b)(5).  As noted *supra*, the return of service filed with the Court is signed by Khatija Hussain, dated September 8, 2021 [Dkt. 12].  Defendant contends the person who signed the return receipt was not authorized to do so.  Texas law requires that the return receipt be signed by Defendant to be effective.  TEX. R. CIV. P. 107(c); *see Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010) (per curiam) (citation omitted) ("Texas law authorizes service of process via registered or certified mail, with return receipt requested. The return receipt must bear the addressee's signature.") (cleaned up); *see also Hestand v. Enge*, No. 6:20CV71, 2021 WL 5989137, at *8 (E.D. Tex. Sept. 21, 2021) (citation omitted) (citing *Ayika*, 378 F. App'x at 434) ("Here, the two return receipts indicate that Macie Weir signed as the recipient. Macie Weir is not the addressee. Accordingly, Hestand's attempt to serve process on Defendants Enge and Neal was defective."), *report and recommendation adopted sub nom. Hestand v. TDCJ-CID*, No. 6:20-CV-71-JDK-JDL, 2021 WL 5149796 (E.D. Tex. Nov. 5, 2021); *Williams v. CVS*, No. 1:10-CV-156, 2010 WL

---

[6] When the Court quashes service and permits the plaintiff additional time to cure the defects and effectuate service, dismissal is proper, alternatively, under Rule 41(b) for failure to comply with an order of the Court.  *See Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)) (affirming dismissal under Rule 41(b) where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service.' Wright disregarded that clear and reasonable order."); *Fox v. Mississippi*, 551 F. App'x 772, 775 (5th Cir. 2014) (citing *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with a court order.")) ("After Defendants challenged the service, the district court granted Fox an extension of time to properly serve the Defendants . . . . Despite additional extensions, Fox failed to serve [defendants] or file a Rule 7 reply. The district court thus properly dismissed Fox's claims against [defendants] pursuant to Rule 41(b).").

11632868, at *2 (E.D. Tex. Sept. 15, 2010) ("It is undisputed the executed summons did not include the name or address of CVS's registered agent. Rather, Williams effected service on a CVS store manager, who is not the president, vice president, or registered agent of CVS."). It is undisputed based on the present record that Plaintiff has not properly served process on Defendant. *See Turbo Restaurants, LLC v. Reid's Refrigeration Inc.*, No. 08-21-00071-CV, 2022 WL 3755788, at *2 (Tex. App.—El Paso Aug. 30, 2022, no pet.) ("when a plaintiff attempts service on a defendant corporation, the plaintiff must ensure that the record shows that the person who accepted delivery was in fact the corporation's registered agent or was otherwise authorized to accept service on the corporation's behalf."); *Hennington v. United Parcel Serv., Inc.*, No. 4:18-CV-00520, 2018 WL 6267768, at *3 (S.D. Tex. Nov. 30, 2018) (dismissing under Rule 12(b)(5)) ("Hennington's attempted service fails under Texas law because process was not properly served to the individual registered agent for Corporation Service Company, UPS's registered agent.").

Because the 90-day deadline to effectuate service has passed, Plaintiff must demonstrate good cause for failing to properly serve Defendant to avoid dismissal. *See Lahman*, 2018 WL 3035916, at *5 (quoting FED. R. CIV. P. 4(m)) ("Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within 90 days of filing but provides that 'if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'"). Plaintiff has failed to meet her burden. Indeed, as Defendant correctly urges in its Renewed Motion, and as already once noted in connection with the Rule 12(b)(4) arguments, Plaintiff has persisted in her failure to cure the defects in process and service of process even after being provided an opportunity to do so by the Court. "Despite this failure, '[t]he Court rarely dismisses a case due to the failure to properly serve a defendant' and '[o]n occasions where the Court has granted dismissal for improper service, it was only after *multiple* chances were given.'"

*Moskovits v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 4:21-CV-2260, 2022 WL 3969547, at *13 (S.D. Tex. July 18, 2022) (quoting *Coleman v. Carrington Mortgage Servs., LLC*, No. 4:19-CV-00231-ALM-CAN, 2020 WL 4723174, at *5 (E.D. Tex. July 27, 2020) (internal quotation marks omitted)), *report and recommendation adopted*, No. 4:21-CV-02260, 2022 WL 3998507 (S.D. Tex. Aug. 31, 2022).  Multiple chances have been given in this case.  Plaintiff received notice of the defects at the time Defendant filed its Motion to Dismiss.  The Court then ordered Plaintiff to file an amended complaint and to request issuance of new summons to effectuate service in consideration of the defects raised by the Motion to Dismiss [Dkt. 15 at 2].  Plaintiff acknowledged receipt of the Court's order on May 18, 2022 [Dkt. 16].  Thereafter, Defendant filed its Renewed Motion to Dismiss, to which Plaintiff wholly failed to respond.  Plaintiff has not taken any action or made any efforts to cure the defects in service despite multiple opportunities to do so.  *See Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 345 (5th Cir. 2007) (per curiam) (citing *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)) ("Because of Holly's 'inaction' in the face of Metro's challenge to the sufficiency of service, the district court did not abuse its discretion in granting the motion.").  Accordingly, dismissal without prejudice under Rule 12(b)(5) is warranted in this case.  *See Benavides v. Johnson*, No. 3:19-CV-01424-S-BT, 2020 WL 521087, at *2 (N.D. Tex. Jan. 6, 2020) (recommending dismissal under Rule 12(b)(5) when the plaintiff failed to file a response in opposition to the Rule 12(b)(5) motion, failed to demonstrate good cause, and did not comply with the court's order regarding proof of service), *report and recommendation adopted*, No. 3:19-CV-01424-S-BT, 2020 WL 515872 (N.D. Tex. Jan. 30, 2020).

### FAILURE TO STATE A CLAIM – RULE 12(B)(6)

Defendant further moves to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6) [Dkt. 14 at 7-14].  Although the Court recommends dismissal without prejudice

under Rules 12(b)(4) and 12(b)(5), out of an abundance of caution, the Court briefly addresses, in the alternative, the propriety of dismissing on the Rule 12(b)(6) grounds.  A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant.  FED. R. CIV. P. 12(b)(6).  The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The claims stated must include enough factual allegations "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Twombly*, 550 U.S. at 555.  A court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted).[7]

### *Plaintiff's Title VII Claim*

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."  42 U.S.C.

---

[7] "[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'"  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. Sup. Ct. of the St. of La.*, 252 F.3d 781, 786 (5th Cir. 2001)); *see Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017).

§ 2000e–2(a)(1).  Defendant argues Plaintiff's complaint is conclusory and does not plead the *prima facie* elements to support any Title VII claim, more specifically, that the complaint is devoid of any allegations of an adverse employment action (to support a claim for discrimination) or any severe or pervasive harassment (to support a claim for hostile work environment) [Dkt. 14 at 9-13].

Although a plaintiff need not submit evidence to establish a prima facie case at the motion to dismiss stage, she must plead sufficient facts to state all the elements of her claim.  *Crankshaw v. City of Elgin*, No. 1:18-CV-75-RP, 2019 WL 3883565, at *10 n.10 (W.D. Tex. Jan. 14, 2019) (quoting *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014)) ("A plaintiff is thus 'not exempt from her obligation to allege facts sufficient to state all the *elements* of her claim.'") (cleaned up).  Plaintiff's complaint does not state the elements of any Title VII claim, let alone offer plausible factual allegations in support of the required elements.

Addressing the specific deficiencies identified by Defendant, Plaintiff has not pleaded any factual allegations that she suffered an adverse employment action [Dkt. 14 at 9-10].  "Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating."  *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 824 (5th Cir. 2019) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007)).  Plaintiff does not allege that she was subjected to an adverse employment action, such as termination or demotion.  She simply alleges that four other individuals were treated "more fairly" [Dkt. 14 at 10].  Plaintiff also alleges she was "denied requested leave on specific dates" and "denied bonus opportunities because [b]ranch manager, Khatija Hussain, is directing clients to work with [coworkers]" [Dkt. 3 at 3].  However, the Fifth Circuit has "held, along with many of our sister circuits, that employment actions are not adverse where pay, benefits, and level of

responsibility remain the same." *Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999) ("Watts concedes that neither the change in her schedule nor the new tasks which she was given affected her pay."). And "employment actions such as rudeness (even by supervisors), lateral reassignments with equal pay, and undesirable break schedules have been found insufficient to constitute an adverse employment action." *Daniel v. Universal Ensco, Inc.*, No. CV 09-4140, 2011 WL 13140729, at *9 (S.D. Tex. Aug. 31, 2011) (citing *Aryain v. Wal–Mart Stores Tex. LLC*, 534 F.3d 473, 484-87 (5th Cir. 2008)), *aff'd*, 507 F. App'x 434 (5th Cir. 2013). Moreover, as to Plaintiff's alleged loss of opportunity to earn a bonus, Plaintiff does not plead any facts that permit the Court to infer that these opportunities were so significant and material as to rise of the level of an adverse employment action. *See Murray v. La.-Div. of Admin. Off. Of Plan. & Budget*, 439 F. App'x 349, 351 (5th Cir. 2011) (per curiam) (citation omitted) (citing *Alvarado v. Tex. Rangers*, 492 F.3d 605, 612 (5th Cir. 2007)) ("Although it is clearly established that the denial of a promotion is an actionable adverse employment action, it is less clear whether a negative evaluation such as Murray's [performance reviews] or the denial of a bonus constitute actionable adverse employment actions."); *see also, e.g.*, *Oyekwe v. Rsch. Now Grp., Inc.*, No. 3:19-CV-1085-S-BN, 2021 WL 1566459, at *6 (N.D. Tex. Jan. 26, 2021) (finding payment of a bonus lower than other employees does not "qualify as an adverse employment action for purposes of a prima facie claim of Title VII discrimination" without any allegation the reduction was on account of race), *report and recommendation adopted*, No. 3:19-CV-1085-S-BN, 2021 WL 1564327 (N.D. Tex. Apr. 20, 2021).[8]

---

[8] Though courts have found that reduction or revocation of a bonus may be an adverse employment action, where the bonus is "not a component of Plaintiff's salary," the "reduction in bonus thus does not qualify as an adverse employment action." *Daniel*, 2011 WL 13140729, at *19 (citing *Turner v. DynMcDermott Petroleum Operations Co.*, No. CIV.A. 06-1455, 2010 WL 4363403, at *3 (E.D. La. Oct. 21, 2010)); *Turner*, 2010 WL 4363403, at *3 (quoting *Tyler v. Ispat Inland Inc.*, 245 F.3d 969, 972 (7th Cir. 2001)) ("The denial of a monetary perk, such as a bonus or reimbursement of certain expenses, does not constitute an adverse employment action if it is wholly within the employer's discretion to grant or deny and is not a component of the employee's salary.").

Defendant also argues Plaintiff fails to allege harassment pervasive or serious enough to rise to the level of a hostile work environment [Dkt. 14 at 11-13]. The *prima facie* elements of a hostile work environment claim are: "(1) the plaintiff belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on membership in the protected group; (4) the harassment affected a term, condition, or privilege of employment; and (5) the defendant knew or should have known of the harassment, yet failed to take prompt remedial action." *Brown v. Alixa-Rx*, No. 4:21-CV-00284-ALM-CAN, 2022 WL 815021, at *6 (E.D. Tex. Feb. 14, 2022) (quoting *Cooper v. Wal-Mart Transp., LLC*, 662 F. Supp. 2d 757, 781 (S.D. Tex. 2009)), *report and recommendation adopted sub nom. Brown v. Alixa Rx, LLC*, No. 4:21-CV-284, 2022 WL 811054 (E.D. Tex. Mar. 16, 2022), *aff'd sub nom. Brown v. Alixa-RX*, No. 22-40160, 2022 WL 4594188 (5th Cir. Sept. 30, 2022). "To affect a term, condition, or privilege of employment, the harassment must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *West v. City of Houston*, 960 F.3d 736, 741-42 (5th Cir. 2020) (quoting *Aryain*, 534 F.3d at 479 (cleaned up)). "The hostile work environment cause of action is not intended to create a 'general civility code' that prohibits any and all workplace interactions that a worker could find rude or discourteous." *Nadeau v. Echostar*, No. EP-12-CV-433-KC, 2013 WL 5874279, at *34 (W.D. Tex. Oct. 20, 2013) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998)). Plaintiff's allegations include that she was "yelled at in front of clerks," "rushed to go to lunch," "threatened to be written up for 'not responding' via text on my personal phone," "threatened to be sent home due to my attire," and "released from work early/not coming to work due to a headache or umpiring baseball games" [Dkt. 3 at 3]. These allegations, without more, "simply do not rise to the level of creating a hostile work environment." *Johnson v. Fed. Info. Sys., Inc.*, No. SA-22-CV-00796-XR, 2022

WL 4298458, at *7 (W.D. Tex. Sept. 16, 2022).  Plaintiff's Title VII claim(s) should be dismissed for failure to state a claim.

### CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends Defendant PNC Bank, N.A. as successor-in-interest to BBVA USA's Renewed Motion to Dismiss Plaintiff's Complaint [Dkt. 18] be **GRANTED** and Plaintiff Niekeyea Minnae Newton's claims be **DISMISSED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 30th day of November, 2022.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE